IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| CLARENCE L. FOSTER, | Cause No. CV 05-66-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT WITHOUT PREJUDICE |
| OFFICER TUCKER et. al., | |
| Defendants. | |

_____

This matter is before the Court on Plaintiff's Complaint (Court's Doc. No. 1) and Second Amended Complaint (Court's Doc. No. 5) filed pursuant to 42 U.S.C. § 1983.  On January 8, 2007, Chief Judge Donald W. Molloy issued a Standing Order regarding case assignment. (Court's Doc. No. 6).  That Order was sent to Plaintiff at the address that he had provided to the Court.  On January 16, 2007, the Standing Order was returned in the mail with a notation that Plaintiff was no longer at the Cascade County Jail. (Court's Doc. No. 7).

According to the Montana Department of Corrections website, Foster is in California as part of an "interstate compact."  Foster's status was last updated on the website on September 18, 2006.  Local Rule 5.5 requires parties to promptly file a notice of change of address specifying the new address for service.  Accordingly, the Court required Plaintiff to provide an updated address on or before March 16, 2007. (Court's Doc. No. 8).  The Order advised that if Plaintiff

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

failed to communicate with the Court prior to that date he would be in violation of Local Rule 5.5 and his complaint will be subject to dismissal.  The Court has received no response from Plaintiff.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order.  Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir. 1975).  However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); see also Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996); Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), cert. denied, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  Given Plaintiff's failure to update the Court with his current address, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  Pagtalunan, 291 F.3d 639 (citing Yourish, 191 F.3d 983).  This Court's local rules require parties to keep the Court updated with their current address.  Plaintiff has failed to do so.  In addition, the Court advised Plaintiff in two prior Orders (which were not returned as undeliverable and therefore presumably received by

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

Plaintiff) that Plaintiff must keep the Court informed of his current address at all times and that his failure to do so could result in the dismissal of his case without notice. (See Court's Doc. Nos. 2 and 4). The Court must be able to manage its docket. Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). Defendants have not been served in this matter. However, given Plaintiff's failure to provide an updated address, the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981). Although the court must consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal. Id. Here, Plaintiff has left the Court with no alternatives as the Court has no way to contact him. Plaintiff was advised of his obligation to keep his address up to date and he has failed to do so.

The Court has the authority to dismiss a claim when a party fails to notify the Court of a change of address. Rule 5.4 of the Local Rules of Procedure for the United States District Court for the District of Montana states:

> (a) Duty to Notify. An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.

    (b) Dismissal Due to Failure to Notify.  The Court may dismiss a complaint without prejudice or strike an answer when:

> 1) mail directed to the attorney or *pro se* party by the Court has been returned to the Court as not deliverable; and

> 2) the Court fails to receive within 60 days of this return a written communication from the attorney or *pro se* party indicating a current address.

    Documents sent to Plaintiff on January 8, 2007 (Court's Doc. No. 6) and February 12, 2007 (Court's Doc. No. 8) were returned to the Court as undeliverable (Court's Doc. Nos. 7, 9). If Plaintiff was transferred to California on September 18, 2006, as indicated on the Montana Department of Corrections website, it has been almost seven months since his address changed.

    Although the Court could grant Plaintiff additional time to respond, this alternative appears futile given Plaintiff's failure to keep the Court apprised of his current address.  Plaintiff will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Plaintiff the opportunity to challenge this Court's rulings.

    The last factor weighs against denial of the petition because public policy favors the disposition of cases on their merits.  <u>Pagtalunan</u>, 291 F.3d 639 (citing <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)).  However, the Court finds that the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

    Accordingly, it being found that Plaintiff has failed to provide the Court with an updated mailing address and the Court finding that the relevant factors weigh in favor of dismissing the Complaint filed pursuant to 42 U.S.C. 1983, the Court enters the following:

## RECOMMENDATION

That Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITHOUT PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff. Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

DATED this 13th day of April, 2007.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge